# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| VICTORIA LAWSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>IPPT CAREER SCHOOL d/b/a SOUTHERN CALIFORNIA HEALTH INSTITUTE,<br><br>*Defendant.* | Case No.:<br><br>(Removed from the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida, Case No. 2022-015542-CA-01) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant IPPT Career School d/b/a Southern California Health Institute ("IPPT"), by and through its counsel of record, hereby gives notice of removal of this action from the State of Florida, Eleventh Judicial Circuit Court in and for Miami-Dade County to the United States District Court for the Southern District of Florida. In support thereof, IPPT respectfully states as follows:

### I.     THE STATE COURT ACTION

1. On August 18, 2022, Plaintiff Victoria Larson initiated this case against IPPT by filing a Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County captioned *Victoria Lawson v. IPPT Career School d/b/a Southern California Health Institute*, No. 2022-015542-CA-01 ("State Court Action").[1] A copy of the Complaint is attached hereto as **Exhibit 1**.

---

[1]     The Complaint has a scrivener's error, incorrectly spelling the Plaintiff's name as Victoria Lawson, instead of Victoria Larson.

1

2. On September 12, 2022, Plaintiff served IPPT with a copy of the Complaint. A copy of the service of the summons is attached hereto as **Exhibit 2.**

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by IPPT (other than the summons and Complaint) as well as all documents available publicly on the state court docket are attached hereto as **Exhibit 3.**

4. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

5. In the Complaint, Plaintiff contends IPPT violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, by sending "telephonic sales calls [] to solicit the sale of consumer goods and/or services" using "a messaging platform . . . to transmit blasts of texts messages automatically and without any human involvement" to "individuals residing in Florida" without "express written consent." (Ex. 1, Compl. at ¶¶ 12-13, 16, 29.) The Complaint specifically includes two text messages from IPPT on June 15, 2022 and June 22, 2022. (*Id.* at ¶ 11.)

6. Plaintiff asserts a single FTSA claim and alleges that as a result of IPPT's conduct, "Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation." (*See id.* at ¶¶ 42-49.)

7. Plaintiff seeks, on behalf of herself and the Class, various forms of relief including (i) an award of statutory damages; (ii) an order declaring that IPPT's actions violate the FTSA; and (iii) an injunction requiring IPPT "to cease all telephonic sales calls made without express written consent, and otherwise protect the interests of the Class." (*See id.* at Prayer for Relief.)

II. **THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

8. This Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), which provides that "district courts shall have

original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant. . . ."

9. First, the State Court Action is a "class action" for purposes of 28 U.S.C § 1332(d)(2) since Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to Florida Rule of Civil Procedure § 1.220(b)(2) and (b)(3). (Ex. 1, Compl. ¶ 32); *Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

10. Second, Plaintiff seeks damages at a minimum of $500.00 for each violation individually and on behalf of the Class of persons similarly situated. (Ex. 1, Compl. ¶¶ 32, 49.) Plaintiff claims that damages are in the "millions of dollars." (*Id.* ¶ 40.) The Class that Plaintiff seeks to represent consists of "[a]ll persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." (*Id.* at ¶ 32.) Thus, Plaintiff's proposed class surpasses the 100-person requirement of 28 U.S.C. § 1332(d)(5)(B).

11. Third, there is minimal diversity between members of the proposed class and IPPT, which satisfies the Diversity requirements pursuant to 28 U.S.C. § 1332(d).

12. IPPT is a California corporation, and its principal place of business is in North Hollywood, California. Therefore, IPPT is a citizen of California for the purpose of CAFA removal. 28 U.S.C. § 1332(d)(10).

13. Plaintiff is a citizen of Florida. (Ex. 1, Compl. ¶ 9.) Plaintiff also predicates personal jurisdiction on the contention that the messages at issue were sent while Plaintiff was "residing in and physically present in Miami-Dade County, Florida." (*Id.* ¶ 9.)

14. Further, Plaintiff seeks to represent a Class of "all persons in Florida" and it naturally follows that at least one Class member is a Florida citizen. (Ex. 1, Compl. ¶ 32.) *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which [the amount in controversy threat is met] and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."); 28 U.S.C. § 1332(d)(1)(D) (defining "class members" as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because "by definition all valid plaintiffs are citizens of Florida" and defendant was a citizen of Virginia).

15. Plaintiff, in fact, specifically alleges that "[u]pon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida." (Ex. 1, Compl. ¶¶ 13, 34.)

16. Because at least one plaintiff and Defendant are citizens of different states, the minimal diversity requirement is satisfied. 28 U.S.C. § 1332(d).

17. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., McDaniel v. Fifth Third Bank,* 568 Fed. Appx. 729, 731 (11th Cir. 2014) ("That a court would, based on the pleadings, find that a claim fails as a matter of law does not factor into the court's jurisdictional analysis.").

18.     Plaintiff, by her own allegations,[2] notes that the Class members number is in the "several thousands, if not more." (Ex. 1, Compl. ¶ 33.) Plaintiff claims that damages are in the "millions of dollars." (*Id.* ¶ 40.) Plaintiff also seeks, by her own allegations, a minimum of $500.00 in statutory damages per Class member. (*Id.* ¶ 49.) The FTSA also provides the possibility of treble damages. Fla. Stat. § 501.059(10)(b). This yields a total amount in controversy for the proposed Class that exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

19.     Accordingly, the Court has jurisdiction over the class action pursuant to 28 U.S.C. § 1332(d) and removal is proper under 28 U.S.C. § 1441.

### III.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

20.     IPPT received formal service of process on September 12, 2022. (**Exhibit 2**).

21.     This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

22.     Pursuant to 28 U.S.C. § 1446(d), IPPT will file a copy of this Notice of Removal with the Clerk of the State of Florida, Eleventh Judicial Circuit. IPPT will also serve Plaintiff with a copy of this Notice of Removal.

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by IPPT (other than the summons and Complaint) as well as all documents available publicly on the state court docket are attached hereto as **Exhibit 3.**

24.     Pursuant to 28 U.S.C. § 1446(a), venue for this case is proper in the Southern District of Florida because it is the district court of the United States for the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 89(c).

---

[2]     For purposes of this motion, Plaintiff's allegations are accepted as true, IPPT does not believe a class is appropriately certifiable and reserves the right to challenge anyone as an appropriate class member.

25. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendants IPPT hereby removes this civil action to this Court

DATED: October 12, 2022

Respectfully submitted,

*/s/ Elaine M. Rice*
ELAINE M. RICE, FBN 549975
ERice@jclaw.com
**JOHNSON, CASSIDY, NEWLON & DECORT, P.A.**
3242 Henderson Blvd., Ste. 210
Tampa, Florida 33609
Telephone: (813) 699-4859
Facsimile: (813) 235-0462
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2022, a true and correct copy of the foregoing has been filed with the Clerk of the Court via the Florida Courts E-Filing Portal which will send notification of electronic filing to all parties of record.

*/s/ Elaine M. Rice*
Attorney